## STATE v. CHRISTINE PETERSON.[1]

January 2, 1943.

No. 33,168.

*Ernest F. Jacobson,* for appellant.

*J. A. A. Burnquist,* Attorney General, *Ralph A. Stone,* Assistant Attorney General, and *William G. Compton,* Assistant County Attorney, for the State.

PER CURIAM.

This is a motion to amend the judgment of this court remanding this case to the district court. The remittitur shows that we simply "reversed" the judgment of conviction upon the ground that the verdict and judgment were not sustained by the evidence and

[1]Reported in 7 N. W. (2d) 408.

remanded the case without any direction. State v. Peterson, 213 Minn. 56, 4 N. W. (2d) 826. Minn. St. 1941, § 632.06 (Mason St. 1927, § 10752), in part provides:

"If the court affirms the judgment, it shall direct the sentence pronounced to be executed, and the same shall be executed accordingly. If it reverses such judgment, it shall either direct a new trial, or that the defendant be absolutely discharged, as the case may require."

The remittitur having gone down, we are without jurisdiction to grant the amendment. In State v. Ames, 93 Minn. 187, 100 N. W. 889, where the same question was raised, we said:

"The judgment is not technically a compliance with the statute, in that it does not, in express terms, direct a new trial, but the appeal was from a judgment which was reversed on the ground that the verdict and judgment were not sustained by the evidence, and case remanded to the district court. The necessary legal effect of such action was to remand the case for a new trial. It follows that the proposed amendment, even if it were conceded that we had jurisdiction to make it, is unnecessary, and therefore the motion is denied."

Motion denied.